IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROBERT REINEKE,

    Plaintiff,

v.

ANTERO RESOURCES CORP. *et al.*,

    Defendants.

Case No. 2:16-cv-797

JUDGE ALGENON L. MARBLEY

## OPINION & ORDER

This matter comes before the Court on Plaintiff's Motion to Dismiss All Claims Against Defendant Apache Energy Services d/b/a AES Safety Services ("AES") Pursuant to Federal Rule of Civil Procedure 21. (ECF No. 36). Defendant Antero Resources Corporation opposes this Motion. (ECF No. 41). For the reasons stated below, Plaintiff's Motion is **GRANTED**. All claims against Defendant AES are **DISMISSED** and Defendant AES is hereby **TERMINATED** as a party.

## I. BACKGROUND

On August 17, 2016, Plaintiff Robert Reineke filed his first complaint against Defendants Antero Resources Corp. ("Antero"), Warrior Energy Services Corporation ("Warrior"), and Superior Energy Services, Inc. ("Superior"). (ECF No. 1). According to the complaint, Plaintiff was working as a vacuum truck operator at an oil well site on July 8, 2015. (ECF No. 1 at ¶¶ 24, 27). The well site was owned by Defendant Antero. (*Id.* at ¶ 25). While at the well site, an employee of Defendant Warrior, a subsidiary of Defendant Superior, directed Plaintiff to attach his vacuum truck's high pressure hose to a tank line. (*Id.* at ¶¶ 17, 28). A different Warrior employee later informed Plaintiff that his hose had been connected to the wrong tank line. (*Id.* at ¶ 31). The Warrior employee then unhooked the hose from the tank line which caused the hose

to whip around and strike Plaintiff in the face. (*Id.* at ¶ 32). As a result, Plaintiff allegedly suffered multiple injuries, including facial, nasal, and orbital fractures. (*Id.* at ¶¶ 33). Thus, Plaintiff brought this suit against Defendants alleging negligence and violations of Ohio Revised Code § 4101.11, *et seq.*. (ECF No. 1).

On April 27, 2017, Plaintiff filed an amended complaint, adding AES as a defendant. (ECF No. 31). The amended complaint alleges that Antero contracted AES to be responsible for safety at the well site. (ECF No. 31 at ¶¶ 11, 55). Rather than just alleging that employees of Warrior directed him to attach the hose and then unhooked the hose, Plaintiff now alleges that both actions were done by an employee of "Defendant Warrior[] and/or Defendant AES[]". (*Id.* at ¶¶ 32, 33, 35, 36). Thus, Plaintiff added a count of negligence against AES and alleges that AES violated Ohio Revised Code § 4101.11, *et seq.* as well. (ECF No. 31).

On June 2, 2017, Plaintiff filed the instant Motion, asking this Court to drop AES as a party because AES is currently undergoing Chapter 11 bankruptcy proceedings. (ECF No. 36). Plaintiff states that he amended the complaint to add AES after Defendant Antero identified AES as being a sub-contractor at the oil well site involved with safety, but discovery to date has confirmed that the workers who directed Plaintiff to hook the pressurized hose to the wrong tank and then released the hose were employed by Defendant Warrior, not AES. (ECF No. 42 at 2).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 21 allows the court "[o]n motion or on its own" to "add or drop a party" "at any time, on just terms." Fed. R. Civ. P. 21. *See also Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961) ("We think that [Rule 21] is the [rule] under which any action to eliminate . . . a party should be taken."). Federal Rule of Civil Procedure 19 provides

that if complete relief cannot be afforded among existing parties in a party's absence, that party is a necessary party and must be joined if feasible. Fed. R. Civ. P. 19(a)(1)(A).[1]

"[A] person's status as a joint tortfeasor does not make that person a necessary party." *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 204 (6th Cir. 2001). *See also Temple v. Synthes Corp.*, 498 U.S. 5, 8 (1990) (holding joint tortfeasors were not necessary parties under Rule 19(a)); *Williamson v. Recovery Ltd. P'ship*, No. 2:06-CV-00292, 2014 WL 186898, at *5 (S.D. Ohio Jan. 14, 2014), *aff'd*, 826 F.3d 297 (6th Cir. 2016) ("[I]t is axiomatic that joint tortfeasors, including those in an agency relationship, are *not* indispensable parties."); *Joe Hand Promotions, Inc. v. Havens*, No. 2:13-CV-0093, 2013 WL 3876176, at *3 (S.D. Ohio July 26, 2013) ("The mere fact that a defendant points to the liability of another person does not render that other person indispensable to the litigation."); *Malibu Media, LLC v. Patel*, No. 2:14-CV-559, 2015 WL 12698035, at *1 (S.D. Ohio May 12, 2015) ("[T]he possibility of related third-party liability – either by way of joint liability, contribution or vicarious liability – does not require the joinder of those parties to a single suit.").

The rationale underlying the rule is that "[i]n a suit against one joint tortfeasor, a judgment for monetary relief can be completely satisfied without the presence of any other defendant." *Laethem Equip. Co. v. Deere & Co.*, 485 F. App'x 39, 44 (6th Cir. 2012). Complete relief under Rule 19 "is determined as between persons already parties, and not as between a party and the absent person whose joinder is sought." *Id.* If a potential joint tortfeasor is liable to a defendant in an action, "there are other venues in which he an be held accountable." *Brautigam v. Damon*, No. 1:11-CV-551, 2012 WL 481844, at *5 (S.D. Ohio Feb. 14, 2012).

---

[1] Rule 19 also provides that a person claiming an interest relating to the subject matter of an action is a necessary party in some circumstances, but given that AES has not claimed an interest in this case, this portion of the rule is not addressed. *See* Fed. R. Civ. P. 19(a)(1)(B).

## III. ANALYSIS

Anteros' only argument in opposition to Plaintiff's motion to dismiss AES is that AES is a necessary party under Rule 19. (ECF No. 41). Anteros argues that because AES employees allegedly caused Paintiff's injuries, "it would only make sense that [AES] is a party that needs to be in this litigation." (*Id.*). After noting that AES has never been properly served in this action, Plaintiff counters that as a matter of law, a potential joint tortfeasor such as AES is not a necessary party under Rule 19. (ECF No. 42). This Court agrees with Plaintiff. "Plaintiff's claims sound primarily in tort, and accordingly [AES] is no more than a potential joint tortfeasor. Since complete relief can be satisfied by any jointly and severally liable tortfeasor, joint tortfeasors are neither necessary nor indispensable parties under Rule 19(a)." *Brautigam*, 2012 WL 48144, at *5. Indeed, Anteros cites no law to the contrary.

Anteros makes no other arguments in opposition to Plaintiff's motion to dismiss AES. Given this Court's finding that AES is not a necessary party, and that no other defendants oppose AES' dismissal, this Court **GRANTS** Plaintiff's Motion under Rule 21.

## IV. CONCLUSION

Plaintiff's Motion to Dismiss All Claims Against Defendant AES Pursuant to Federal Rule of Civil Procedure 21 is hereby **GRANTED**. All claims against Defendant AES are **DISMISSED** and Defendant AES is hereby **TERMINATED** as a party.

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE

**Dated: January 2, 2018**